**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Christopher Josiah Ostroushko (1), Paige Marie Ostroushko (2), and Deyanna Marie Ostroushko (3),

Defendants.

Case No. 26-cr-86 (NEB/JFD)

**ORDER**

This matter is before the Court on the Motion for Bill of Particulars (Dkt. No. 53) filed by Christopher Josiah Ostroushko ("Christopher") and Paige Marie Ostroushko ("Paige") and the Motion for Disclosure of Grand Jury Materials (Dkt. No. 54) filed by Christopher, Paige, and Deyanna Marie Ostroushko ("Deyanna").[1]

Christopher and Paige move this Court under Federal Rule of Criminal Procedure 7(f) for an order requiring the United States to file a bill of particulars. (Dkt. No. 53.) In its response to the motion, the United States agreed to file a bill of particulars, which Christopher and Paige agree will resolve the motion. (*See* Gov't's Resp. to Mot. Bill Particulars at 1, Dkt. No. 60.) The Court therefore grants the motion and orders the United States to file a bill of particulars that comports with its response within 14 days.

[1] The Court intends no disrespect in referring to the Ostroushkos by their first names.

Christopher, Paige, and Deyanna move this Court under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) for an order authorizing the disclosure of grand jury materials. (Dkt. No. 54.) The materials they seek are "(a) a transcript of direct interactions between the prosecution and the grand jury (such as introductory remarks, legal advice, instruction, or colloquy); (b) the testimony of any federal law enforcement officer(s) who appeared in the grand jury; and (c) any exhibits presented to the grand jury." (*Id.* at 1.) Alternatively, Defendants ask the Court to review these materials *in camera*.

Under Rule 6(e)(3)(E)(ii), the Court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

Count 1 of the Indictment charges Christopher and Paige with Interference with Federally Protected Activity under 18 U.S.C. § 245(b)(1)(B). The one-sentence allegation mirrors the statutory language, charging that Christopher and Paige "did by force or threat of force willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with the rights of another, because she was and had been participating in or enjoying a benefit, service, privilege, program, facility, and activity provided or administered by the United States, which did result in bodily injury." (Indictment at 1, Dkt. No. 1.) The problem with this allegation is that it is impossible to tell whether the alleged victim was participating in a benefit or enjoying a benefit or participating in a service or enjoying a service or participating in a privilege or enjoying a privilege or participating in a program or enjoying a program or participating in a facility or enjoying a facility or

participating in an activity or enjoying an activity. Neither the Court nor Defendants can tell which federal benefit, service, program, facility, or activity the grand jury found that the alleged victim was using. It is even possible that some grand jurors believed that the alleged victim was enjoying a benefit, while others thought she was participating in an activity, and yet others found she was enjoying a facility. An indictment must apprise a defendant "of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962) (citation omitted). It is not possible to know from the language in the Indictment what crime the grand jury actually charged Christopher and Paige with because there is a smorgasbord of choices. The Assistant U.S. Attorney even conceded during the hearing that the phrase "benefit, service, privilege, program, facility, and activity" in the Indictment could constitute surplusage that could mislead a defendant.

The United States' changing theory emphasizes this point further. On the day after the Indictment was issued, Attorney General Todd Blanche tweeted that the alleged victim was engaged in lawful reporting outside a federal building. (*See* Defs.' Mot. Dismiss Vindictive Prosecution at 13 (Dkt. No. 55).) Recently, the United States has taken the position that the alleged victim was denied the use of a federal facility, specifically the street, sidewalk, and parking lot adjacent to the Whipple Federal Building at Fort Snelling. (Gov't's Resp. to Mot. Bill Particulars at 2, Dkt. No. 60.) A defendant is entitled to be tried on the charge that a grand jury indicted, not a theory that a prosecutor may have chosen later.

The Court has considered the interest in maintaining the secrecy of grand jury proceedings against whether a reason may exist to dismiss the Indictment due to something that occurred before the grand jury. *See United States v. Armstrong*, No. 26-CR-25 (LMP/DLM), 2026 WL 2415384, at *1 (D. Minn. Aug. 18, 2026) (citing *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009); Fed. R. Crim. P. 6(e)(3)(E)(ii)). The Court agrees with Christopher and Paige that an *in camera* review of a limited scope of materials is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Christopher and Paige's Motion for Bill of Particulars (Dkt. No. 53) is **GRANTED**, and the United States shall file a bill of particulars within 14 days.
2. Christopher, Paige, and Deyanna's Motion for Disclosure of Grand Jury Materials (Dkt. No. 54) is **GRANTED**, and the United States shall provide the following **unredacted** materials to the Court for an *in camera* review by **November 5, 2026**: (a) a transcript of direct interactions between the prosecution and the grand jury, (b) the testimony of any federal law enforcement officer who appeared in the grand jury, and (c) any exhibits presented to the grand jury.

Dated: October 29, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge